[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Connecticut appeals from a decision of Family Support Magistrate Lifshitz pertaining to whether a recipient of public assistance has assigned her interest to child support arrearage to the state by virtue of applying for such assistance.
The defendant, Gary Chamberland, acknowledged paternity of his son, born as a result of the relationship between the CT Page 5395-A defendant and the plaintiff, Tanya Beausoleil. He was ordered to pay child support for his son and has acquired an arrearage for failing to meet this obligation fully. At some time in the past, after this child support obligation arose, the plaintiff sought public assistance. Eventually, she left public assistance, and, on January 26, 1995, the Family Support Magistrate "unassigned" the arrearage which had been assigned to the State under C.G.S. § 17b-77 when the plaintiff applied for public assistance benefits. The magistrate reallocated the previously assigned sum to the plaintiff.
The State appealed from this decision reallocating a portion of, the arrearage to the plaintiff. That appeal was withdrawn, however, because the plaintiff reapplied for public assistance while the appeal was pending. The State adopted the position before the magistrate that the second application for welfare benefits by the plaintiff created under § 17b-77, a new assignment of the arrearage owed, thus mooting the appeal. On February 29, 1996, the magistrate rejected this argument and found that his previous ruling reallocating the arrearage debt to the plaintiff bound the State. From this decision, the State has CT Page 5395-B appealed.
The court agrees with the state that the plaintiff's second application for public assistance rendered the magistrate's earlier order redistributing the arrearage owed by the defendant back to the plaintiff irrelevant. Section 17b-77 operated by law as an "assignment of any and all support rights" held by the applicant, including the right to arrearage sums which accrued before the applicant received public assistance, Langan v. Weeks,37 Conn. Sup. 105, 113 (1995). Consequently, once the plaintiff reapplied for public assistance any right to child support payments on any arrearage, whether initially determined by court order or otherwise, was automatically assigned to the State.
The court holds that the February 29, 1996, decision of the magistrate that the plaintiff remained entitled to arrearage sums generated as a result of the January 26, 1995, reallocation order was affected by error of law. Under C.G.S. § 46b-231 (n)(7), the court reverses the magistrate's decision and remands the matter to the magistrate session for action consistent with this decision. CT Page 5395-C
Sferrazza, J.